UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     EMORY E. HACKMAN, JR. | ) | Case No. 10-17176-BFK |
| | ) | Chapter 11 |
|                             Debtor . | ) | |
| | | |
| EMORY E. HACKMAN, JR., | ) | |
| | ) | |
|                           Plaintiff. | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | No. 16-01177-BFK |
| NATIONSTAR MORTGAGE, LLC. | ) | |
| | ) | |
|                          Defendant. | ) | |

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

This matter is before the Court on the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint pursuant to Bankruptcy Rule 7012 (incorporating Fed. R. Civ. Pro. 12(b)(6)). Docket No. 14. The Plaintiff filed an Opposition to the Motion. Docket No. 16. The Plaintiff also filed a Supplemental Opposition in which he agreed to dismiss Count XIII of the Amended Complaint. Docket No. 17.

The Court heard the arguments of the parties on November 8, 2016, at which time the Court ruled from the bench that it would dismiss Counts IX (Business Conspiracy), X (RICO), XI (Intentional Infliction of Emotional Distress), XII (Reckless and Wanton), and XIV (Restoration to Status Quo). Further, the Plaintiff consented to a dismissal of Counts II (Nationstar Is Not a Secured Creditor), III (Nationstar Is Not a Creditor), V (Constructive Fraud on Filing a Transfer of Claim), and VII (Actual Fraud). An Order dismissing these Counts has been entered. Docket No. 19.

1

The foregoing leaves for resolution Counts I (Facts Common to All Counts), IV (Bad Faith), VI (Constructive Fraud On Not Performing the Duties of the Lender), VIII (Fraud of a Then Present Intention Not to Perform), and XV (Nationstar Failed to Comply With Federal Law). For the reasons stated below, the Court will grant the Defendant's Motion with respect to the remaining Counts.

## Procedural History

The Plaintiff filed a Voluntary Petition under Chapter 11 with this Court on August 26, 2010. Case No. 10-17176-BFK, Docket No. 1.[1] In his Schedules the Debtor listed a home at 3104 North Inglewood Street, Arlington, VA 22207 (hereinafter, "the Property"), though he noted that he held legal title as a fiduciary for the Mary Cook Hackman Arlington Trust. *Id.,* Docket No. 3, Schedule A. On September 1, 2011, the Debtor filed a Motion to approve the payment of expenditures for the Property. *Id.*, Docket No. 89. The Court denied the Motion on the ground that the Property was not property of the bankruptcy estate. *Id.*, Docket No. 107. Later in the case, PNC Bank filed a Motion for Relief from the Automatic Stay with respect to the Property. *Id.*, Docket No. 108. The Court denied entry of a proposed Consent Order resolving the Motion again on the ground that the Property was not property of the bankruptcy estate. *Id.*, Docket No. 115.

On November 27, 2012, the Court entered an Order Confirming the Debtor's Second Amended Chapter 11 Plan. *Id.*, Docket No. 196. The Plan called for the sale of the Property and payment of Nationstar's secured claim in full. *Id.*, Docket No. 188, pp. 3-4. On December 5, 2012, the Court entered an Order approving the employment of a realtor for the sale of the Property. *Id.*, Docket No. 203.  On February 4, 2013, the Debtor filed a Motion for approval of a

---

[1] The Plaintiff's bankruptcy case has now been pending for over six years. Despite confirmation of a Plan in November 2012, the Plaintiff has never moved for entry of a Final Decree in his bankruptcy case.

2

sale of the Property free and clear of liens. *Id.*, Docket No. 216. Again, the Court denied the Motion on the ground that the Property was not property of the bankruptcy estate, but ruled that it would require the Debtor to file an application for compensation of the realtor pursuant to Bankruptcy Code Section 330 and Bankruptcy Rule 2014. *Id.*, Docket No. 220.

On August 30, 2014, the Debtor filed a Report of Sale and Motion to Pay the realtor. *Id.*, Docket No. 263. The Motion indicated that the Property was sold on August 25, 2014, and that Nationstar was paid $694,777.33 out of the proceeds of sale. *Id.*, Ex. 2 (HUD-1 Settlement Statement). The Court approved payment of the realtor's commission by Order entered on September 30, 2014. *Id.*, Docket No. 270.

On October 16, 2014, the Debtor filed an Objection to Nationstar's Proof of Claim. *Id.*, Docket No. 278. Nationstar did not respond to the Objection, and the Court entered an Order disallowing the balance of its claim on December 29, 2014. *Id.*, Docket No. 298.

The Debtor encountered some difficulties getting Nationstar to return the original Note to him marked paid and satisfied. On June 23, 2015, he filed a Motion for Discovery against Nationstar and MERS (Nationstar's nominee in the Deed of Trust securing the Note). *Id.*, Docket No. 310. The Court granted this Motion. *Id.*, Docket No. 315. He filed a Motion to Compel against Nationstar; Nationstar responded. *Id.*, Docket Nos. 319, 322. On March 9, 2016, the Debtor filed a Withdrawal of his Motion to Compel, noting: "The said Note has been provided." *Id.*, Docket No. 327.

The Debtor filed this lawsuit against Nationstar on August 24, 2016. *Id.*, Docket No. 332 (Docket No. 1 in this Adv. Pro.).

**Facts as Alleged in the Amended Complaint**

As originally plead, the Amended Complaint asserted that Nationstar wrongfully held itself out as the holder of the Note. Am. Compl, ¶¶ 20 ("A fraud has been committed by Nationstar on the Plaintiff and on this Court as Nationstar did not have the right to collect on this Note"), 27 ("Nationstar is not a secured lender of the Plaintiff"), 29 ("Nationstar is not a creditor of the Plaintiff"). The Plaintiff has now abandoned those claims.

The balance of the Amended Complaint essentially alleges that the Plaintiff sought a short sale of the Property, and that "[t]he Plaintiff was damaged by Nationstar's delay from January 2013 to August 2014 in approving the short sale of the Property." *Id.*, ¶ 25.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District entered August 15, 1984. The remaining Counts of the Amended Complaint present non-core claims under 28 U.S.C. § 157(c). The Court finds that the Plaintiff and the Defendant have consented to entry of final Orders by the Bankruptcy Court. *Wellness Int'l Network, Ltd. v. Sharif*, __ U.S. __, 135 S.Ct. 1932 (2015). *See also* Initial Scheduling Order, Docket. No. 3, ¶ 5.

Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also* Fed. R. Bankr. P. 7012 (incorporating Fed. R. Civ. P. 12(b)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. In *Iqbal*, the Court held: "[W]hether a complaint states a plausible claim for relief will . . . be a context-

4

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court accepts as true all well-pleaded facts in the Amended Complaint, but is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)") (citing *Iqbal*, 556 U.S. at 678).

The Court will address the remaining Counts of the Amended Complaint.

## I. Count I – History Common to All Counts.

Count I is styled as "History Common to All Counts." At oral argument, the Plaintiff agreed that Count I did not represent an independent claim for relief. Rather, Count I simply sets forth the Plaintiff's version of events, which may inform the subsequent Counts in the Amended Complaint.

The Court, therefore, will grant the Defendant's Motion to dismiss Count I, though the Court will consider the Plaintiff's allegations (and will accept the factual averments as true) in considering the remaining Counts of the Amended Complaint.

## II. Count IV – Bad Faith.

Count IV seeks to state a claim for breach of an implied covenant of good faith and fair dealing. Am. Compl., ¶ 31 ("… there is an implied covenant on all contracts on Nationstar for conduct in good faith, which it breached"). Every contract contains an obligation of good faith and fair dealing. *Wolf v. Fed. Nat. Mortg. Ass'n*, 512 F. App'x. 336, 345 (4th Cir. 2013); *Va. Vermiculite, Ltd. v. W.R. Grace & Co.,* 156 F.3d 535, 541–42 (4th Cir. 1988); *LBCMT 2007-C3*

5

*Seminole Trail, LLC v. Sheppard,* Civil Action No. 3:12CV00025, 2013 WL 3009319, at *7 (W.D. Va. June 17, 2013).

In *Virginia Vermiculite*, the Fourth Circuit held:

it is a basic principle of contract law in Virginia, as elsewhere, that although the duty of good faith does not prevent a party from exercising its explicit contractual *rights*, a party may not exercise contractual *discretion* in bad faith, even when such discretion is vested solely in that party.  See Steven J. Burton & Eric G. Anderson, *Contractual Good Faith* 46–47 (1995) ("The courts could leave all discretion in performance unbridled. . . . No U.S. court now takes this approach. . . . Thus, contractual discretion is presumptively bridled by the law of contracts—by the covenant of good faith implied in every contract.").

156 F.3d at 542 (emphasis in original).[2]

A breach of the duty of good faith gives rise to a breach of contract claim, not a separate cause of action.  *Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A.,* 251 Va. 29, 33 (1996) ("the failure to act in good faith . . . does not amount to an independent tort").  Further, the covenant of good faith is not a substitute for express contractual obligations. *Ward's Equip., Inc. v. New Holland N. Am., Inc.,* 254 Va. 379, 385 (1997) ("when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights").  "No implied duty arises with respect to activity governed by express contractual terms.*"  Skillstorm, Inc. v. Elec. Data Sys., LLC,* 666 F. Supp. 2d 610, 620 (E.D. Va. 2009).

---

[2] In the case of *Jones v. Fulton Bank, N.A.,* Civil Action No. 3:13–CV–126, 2013 WL 3788428, at *7 (E.D. Va. July 18, 2013), the District Court held that the duty of good faith and fair dealing arises only in UCC-related contracts.  However, the *Virginia Vermiculite* case involved contacts for mining rights and the obligation to pay royalties, which are not contracts that arise under the UCC.  *See also Stoney Glen, LLC v. S. Bank & Trust Co.,* 944 F.Supp. 2d 460, 465 (E.D. Va. 2013) (holding that the Fourth Circuit "has consistently held that Virginia does recognize an implied duty of good faith and fair dealing in common law contracts"); *Goodrich Corp. v. BaySys Techs., LLC,* 873 F. Supp. 2d 736, 741-44 (E.D. Va. 2012) (denying motion to dismiss good faith and fair dealing claim in non-UCC (labor) contract); *Enomoto v. Space Adventures, Ltd.,* 624 F. Supp. 2d 443, 450-51 (E.D. Va. 2009) (denying motion to dismiss for good faith and fair dealing claim arising out of non-UCC (services) contract).

Claims for breach of the implied covenant of good faith and fair dealing in the context of short sales largely have not met with success. In *Ramos v. Wells Fargo Bank, N.A.,* the court held:

> Defendant argues that no provision of the mortgage note obligates Defendant to provide, or entitles Plaintiffs to receive, post-default relief in the form of short sales, deeds in lieu, or other assistance. Plaintiffs have not identified any such entitlements and the Court has not independently identified any entitlement. In the absence of a contractual obligation, the Court cannot find that Plaintiff had any reasonable expectation to post-default mortgage assistance under the mortgage note that could have been frustrated by Defendant's alleged bad faith.

Civil Action No. 3:16-0880 (FLW)(LHG), 2016 WL 6434423, *11 (D.N.J. Oct. 31, 2016). *See also Mudge v. Bank of America, N.A.*, Civil No. 13–cv–421–JD, 2013 WL 6095561, at *3 (D.N.H. Nov. 20, 2013) ("a short sale in real estate, where a lender accepts less than it is owed to secure its note, necessarily rewrites the terms of the parties' mortgage agreement"); *Becker v. Wells Fargo Bank, N.A.,* No. CIV. 2:12–1742 WBS EFB, 2012 WL 3277130, at *5 (E.D. Cal. Aug. 9, 2012) ("there are no allegations suggesting that under the terms of any contract a short sale was a benefit to which plaintiff was entitled"); *Rhoads v. BAC Home Loans Servicing, LP,* No. 2:11–CV–0026–TC, 2011 WL 1749475, at *2 (D. Utah May 6, 2011) ("Defendants' actions in evaluating the short sale offers did not injure [the borrowers'] right to receive the benefits of the contract—the financing that they had already received and utilized").

The Plaintiff's implied good faith and fair dealing claim in this case fails because Nationstar was not contractually required to approve a short sale. A short sale is inconsistent with the express terms of the Note and Deed of Trust. Nationstar was contractually entitled to be paid in full and it was entitled to refuse to release its lien on the Property absent payment in full. The implied covenant of good faith cannot be used to circumvent the express terms of the Note and Deed of Trust.

The Court will grant the Defendant's Motion to Dismiss Count IV.

### III.     Count VI – Constructive Fraud in Not Performing the Duties of the Lender.

A constructive fraud claim is reviewed under Rule 9(b), which requires the Plaintiff to plead fraud with particularity. *Baker v. Elam*, 883 F.Supp. 2d 576, 580 (E.D. Va. 2012); *Carlucci v. Han,* 886 F.Supp. 2d 497, 509 (E.D. Va. 2012). At a minimum, the Plaintiff must allege the time, place and content of any false representations, as well as the identity of the persons who made the representations and how he or she was damaged thereby. *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc*., 707 F.3d 451, 456 (4th Cir. 2013); *United States ex rel. Wilson v. Kellogg Brown & Root,* 525 F.3d 370, 379 (4th Cir. 2008) (plaintiff must identify the "who, what, when, where, and how of the alleged fraud").[3]

The Plaintiff alleges that "Nationstar made a false representation of a material fact, perhaps innocently or negligently, of being the transferee [of the Note]." Am. Compl., ¶ 35A. The Plaintiff has now abandoned his claim that Nationstar was not the holder of the Note, and the Plaintiff has acknowledged that Nationstar has returned the original Note to him, marked paid in full and satisfied. Other than the allegations concerning whether or not Nationstar was the noteholder, the Plaintiff has not identified any misrepresentations made to him by Nationstar.

The Court finds that Count VI fails to allege any false representations made by Nationstar to the Plaintiff. Count VI will be dismissed.

### IV.     Count VIII – Fraud of a Then Present Intent Not to Perform.

Count VIII purports to state a claim for actual fraud. It also is governed by Rule 9(b)'s heightened standard of pleading. Again, the Plaintiff claims that he was injured in relying on

---

[3] It isn't clear to the Court why the Plaintiff agreed to dismiss Count VII (Actual Fraud), but persisted in maintaining Counts VI (Constructive Fraud on Not Performing the Duties of the Lender) and Count VIII (Fraud of a Then Present Intention Not to Perform).

8

"Nationstar's statements [that] it was the transferee and holder in course, and would perform the duties of a secured mortgage lender." Am. Compl., ¶ 39B. At this point, the Plaintiff does not dispute that Nationstar (or its principal) was the holder of the Note. There are no other allegations of fraud on the part of Nationstar.

Count VIII fails to allege with specificity any fraudulent misrepresentations made by Nationstar. It will be dismissed.

### V.     Count XV – Nationstar Failed to Comply With Federal Law.

Count VX alleges that Nationstar failed to comply with federal housing regulations as required by the Debtor's Deed of Trust, dated March 30, 2005. The Debtor argues that the Deed of Trust required that Nationstar comply with certain Housing and Urban Development (HUD) regulations purportedly incorporated by reference. Am. Compl., ¶66 ("This [Deed of Trust] shall be governed by federal law and . . . [a]ll rights and obligations contained in this [Deed of Trust] are subject to any requirements and limitations of [such] Applicable Law"); Deed of Trust, ¶16, Exhibit 1 to Am. Compl., Docket No. 1. Pursuant to Paragraph 16 of the Deed of Trust, the Debtor specifically alleged that Nationstar failed to conduct a face-to-face meeting between Nationstar and the Debtor before three monthly mortgage payments became past due in accordance with 24 C.F.R. § 203.604(b).[4] For the reasons explained below, the federal housing regulation is inapplicable to the Debtor's Note and Deed of Trust and, therefore, the Debtor fails to state a claim for relief under Count XV.

The Court notes that the Debtor failed to allege that this regulation is applicable to his Deed of Trust, failing to make any express allegation of its applicability in his pleadings. This

---

[4] Section 203.604(b) of Title 24 of the Code of Federal Regulations provides "[t]he mortgagee [(Nationstar)] must have a face-to-face interview with the mortgagor [(the Debtor)], or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604 ( Mar. 30, 2005).

9

failure notwithstanding, the Debtor does refer to language in the Deed of Trust and case law that purports to show the applicability of the HUD regulation. However, this too is unavailing because the case law the Debtor cites in supports of his argument actually supports the dismissal of Count XV.

The plain language of the Deed of Trust does not expressly incorporate or incorporate by reference any express requirements to comply with any regulations promulgated by HUD. Paragraph 16 of the Deed of Trust only contains generalized language that the mortgage lender must comply with applicable federal law. Deed of Trust, ¶16, Exhibit 1 to Am. Compl., Docket No. 1. Nevertheless, it appears to the Court, that on the face of the Deed of Trust, Nationstar was not specifically required to conduct any face-to-face meeting as required by 24 C.F.R. § 203.604(b).

The Debtor cites to two Virginia Supreme Court cases that purport to show the applicability of 24 C.F.R. § 203.604(b) to his Deed of Trust and his entitlement to relief. However, these cases support the opposite conclusion. Despite the Debtor's arguments to the contrary, these cases hold that the Deed of Trust must expressly incorporate the compliance with HUD regulations, as a condition precedentto determining whether a mortgage lender violated the face-to-face meeting requirement. *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 515-17 (2014); *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 734-35 (2012). Since the Deed of Trust does not expressly incorporate any HUD regulations, Nationstar had no obligation to conduct a face-to-face meeting when the Debtor's the loan was in default.

Further, the Debtor cites to *Lubitz v. Wells Fargo Bank, N.A.*, which also purports to demonstrate his entitlement to relief. However, like *Squire* and *Mathews, Lubitz* also supports dismissal. No. CL12–3800, 2012 WL 9737639 (Va. Cir. Sept. 20, 2012). In *Lubitz*, the Virginia

10

Circuit Court held that a reference to a provision in a deed of trust that incorporated "all controlling applicable federal state and local [law]," was insufficient to incorporate an obligation to comply with regulations promulgated by HUD and represented a "significant difference" from cases like *Mathews*. *Id*. at *1-2. Here, the Deed of Trust, as in *Lubitz*, contains nearly identical language only incorporating a general obligation to comply with federal law. Thus, the HUD regulation requiring a face-to-face meeting does not apply.

Lastly, the Court also notes that the Note and Deed of Trust indicate that the loan is insured by the Federal National Mortgage Association or the Federal Home Loan Mortgage Corporation, not the Department of Housing and Urban Development nor the Federal Housing Authority, which could make the regulation applicable. Deed of Trust, Exhibit 1 to Am. Compl., Docket No. 1, p. 1 ("VIRGINIA – Single Family– Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS"); Note, Exhibit 2 to Am. Compl., p. 1 ("VIRGINIA FIXED RATE NOTE – Single Family– Fannie Mae/Freddie Mac UNIFORM INSTRUMENT"). Therefore, the Court can only conclude that any requirement to comply with 24 C.F.R. § 203.604(b) is inapplicable to the Debtor's Deed of Trust.

The Court finds that Nationstar was under no obligation to provide the Debtor a face-to-face meeting as required by HUD and, therefore, it did not violate federal housing law. Accordingly, the Court will dismiss Count XV.

## Conclusion

For the foregoing reasons the Court will enter a separate Order under which the remaining Counts of the Complaint – Counts I, IV, VI, VIII and XV – will be dismissed. The Plaintiff is advised that he has the right to appeal the Court's Order by filing a Notice of Appeal within 14 days of the entry of the Order.

Date: Jan 3 2017

Alexandria, Virginia

Copies to:

Emory E. Hackman, Jr., Esquire
P.O. DRAWER 6805
MCLEAN, VA 22106-6805
    *Counsel for Plaintiff*

Syed Mohsin Reza, Esquire
Troutman Sanders, LLP
1850 Towers Crescent Plaza
Suite 500
Tysons Corner, VA 22182
    *Counsel for Defendant*

/s/ Brian F. Kenney

Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: Jan 4 2017 mjr